By the Court :
The record presents the question whether or not a member of the general assembly who, during the first year of the term for which he has been elected, has accepted an appointment as associate justice of a district court of the United States, and entered upon the discharge of the duties of said office, is entitled to payment of salary as such representative for and during the second year of said legislative term, the legislature having appropriated funds for the payment of the salaries of the members?
Or, perhaps the question should be put in this form: Should this court, by mandamus, compel the payment of salary under the circumstances above stated?
In support of the relator’s claim the contention is that the case is controlled by sections 6 and 8 of article 2 of the constitution, which provide: “Each house shall be judge of the election, returns, and qualifications of its own members,” and may “with the concurrence of two-thirds, expel a member.” And that the relator, having been duly elected and qualified, became a member of the general assembly, and no action having been taken by the house of representatives to exclude or expel the relator, he remains a member and entitled to draw the salary. That is, the question is purely a legislative one, wholly within the control of the house of representatives. And no other officer, authority or court has power to pass upon the question of relator’s eligibility, or to refuse him his salary.
*519 We cannot assent to this proposition. The sections-cited are to be construed with section 4 of the same article, which provides that'“No person holding office under the authority of the United States * . * * * shall be eligible to, or have a seat in, the general assembly.”
It is the duty of the court to give force to this mandate of the constitution, and though the general assembly does not act, the court cannot evade that duty. It must refuse its aid to one who assumes to hold office in violation of the constitution. No one doubts that the federal judgeship is an' office. The relator, when he accepted that office and became a federal judge, was no longer eligible to a seat in the general assembly, and is not entitled to payment of the salary claimed.

Motion overruled and writ refused.